IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORIZON AEROSTRUCTURES, LLC, and
ORIZON MANAGEMENT INCENTIVE,
LLC,

      *Plaintiff,*

vs.

Case No. 23-2069-EFM-KGG

JUSTIN J. CRUMLEY, VALENCE
SURFACE TECHNOLOGIES, LLC, and
CHROME PLUS INTERNATIONAL, LLC,
d/b/a VALENCE SURFACE
TECHNOLOGIES,

      *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Partial Summary Judgment and to Stay Discovery and Preliminary Injunction Hearing (Doc. 39). Defendants seek summary judgment on Plaintiffs Orizon Aerostructures, LLC's and Orizon Management Incentive, LLC's sole federal claim, violation of Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., upon which jurisdiction for Plaintiffs' remaining state law claims rests.

The Court finds that Defendants' Motion is premature. Plaintiffs filed suit on February 21, 2023, with a hearing on their motion for a temporary restraining order taking place March 2, 2023. At that hearing, the Court ordered discovery to give Plaintiffs the opportunity to ascertain what

trade secrets are at issue and how Defendants are using them.  The Court scheduled a hearing on Plaintiffs' motion for a preliminary injunction for May 2, 2023.  It also authorized discovery to take place in anticipation of the hearing, with the discovery period concluding on April 21, 2023.

Defendants filed their present Motion only three weeks before that hearing, claiming that Plaintiffs cannot identify the trade secrets underlying their federal claim and cannot show that Defendant Justin Crumley "used" any trade secret.  Defendants have requested that the Court stay all discovery, quash all discovery notices, grant them summary judgment on Plaintiffs' federal claim, dismiss Plaintiffs' other state law claims for lack of jurisdiction, and convert the preliminary injunction hearing into a hearing for the present Motion.

Defendants' arguments all depend on Plaintiffs' answer to an interrogatory asking Plaintiffs to "[i]dentify and describe every one of Orizon's trade secrets that you contend Mr. Crumley has used or has threatened to use as a general manager at Valence's Wichita facility."  In response to this interrogatory, Plaintiffs stated that the request was "premature as Orizon is unaware of the exact nature of the trade secrets that Crumley has used while employed with Valence."

The Court finds that this sole interrogatory answer—made with an eye to fully responding to Defendants at some later point within the discovery period—is insufficient to show that Defendants are entitled to summary judgment.  In other words, summary judgment is premature as further discovery is necessary to develop the factual record to determine what trade secrets are at issue.[1]  After all, "Rule 56 contemplates 'the entry of summary judgment, after adequate time

---

[1] *See Ledford v. Kinseth Hosp. Companies*, 2017 WL 2556020, at *10 (D. Kan. 2017) (denying summary judgment as premature when plaintiff had not had "an opportunity for full discovery").

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.' "[2]  Defendants do not argue that Plaintiff's allegations are insufficient under Rule 12(b)(6) but rather that they have not yet presented evidence to support their claims.  Given that discovery is ongoing, as Defendants readily admit, this is hardly unsurprising.  And considering that the preliminary injunction hearing is now two weeks away, staying discovery would severely prejudice Plaintiffs' ability to present their case and potentially cause further injury by delaying the preliminary injunction (should Plaintiffs meet their burden).[3]  As the parties know, the Court has already delayed the preliminary injunction hearing to suit counsels' schedules more than it would prefer.  Accordingly, the Court denies Defendants' Motion without prejudice.[4]

**IT IS THEREFORE ORDERED** that Defendants' Motion (Doc. 39) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of April, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *Awulonu v. Unified Sch. Dist. (USD) No. 261*, 363 F. Supp. 2d 1300, 1303 (D. Kan. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (cleaned up).

[3] It is worth noting that none of Defendants' cited cases have a similar procedural posture as the present case, where Defendants have moved for summary judgment almost immediately before the scheduled preliminary injunction hearing was to take place.

[4] *See Harlan v. United Fire & Cas. Co.*, 2015 WL 4617399, at *4 (D. Kan. July 31, 2015) (denying premature motion for summary judgment without prejudice to refiling).