IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORIZON AEROSTRUCTURES, LLC, and
ORIZON MANAGEMENT INCENTIVE,
LLC,

      *Plaintiff,*

vs.

JUSTIN J. CRUMLEY, VALENCE
SURFACE TECHNOLOGIES, LLC, and
CHROME PLUS INTERNATIONAL, LLC,
d/b/a VALENCE SURFACE
TECHNOLOGIES,

      *Defendant.*

Case No.  2:23-cv-02069-EFM

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs Orizon Aerostructures, LLC, ("Orizon")'s and Orizon Management Incentive, LLC, ("OMI")'s Motion for Order Adjudicating All Counterclaims (Doc. 99).  Plaintiffs' request stems from this Court's order on May 11, 2023, granting summary judgment Defendants Justin J. Crumley, Valence Surface Technologies, LLC ("Valence"), and Chrome Plus International, LLC, d/b/a Valence Surface Technologies on Plaintiffs' Defend Trade Secrets Act ("DTSA") claim and dismissing the remaining state law claims for lack of jurisdiction. Plaintiffs appealed that judgment to the Tenth Circuit, only to have the Tenth Circuit decline jurisdiction because it remained unclear whether the Court resolved Defendants' counterclaims.

Defendants have asserted four counterclaims in this case: (1) declaratory relief; (2) breach of fiduciary duty; (3) fraudulent misrepresentation; and (4) a request attorney fees under the Defend Trade Secret Act ("DTSA") because Plaintiffs (allegedly) brought their claim in bad faith. Each of these counterclaims relied on supplemental jurisdiction deriving from the original jurisdiction supplied by Plaintiffs' sole federal question claim—alleged violation of the DTSA by Crumley and Valence.

The Court recognizes that its prior order was not the model of clarity about whether Defendants' counterclaims were also dismissed.  In short, they were.[1]  Given that all of Defendants' counterclaims relied on supplemental jurisdiction, the Court in its discretion declined to exercise such jurisdiction once the basis for original jurisdiction disappeared.

Recognizing that this was the Court's likely intention, Defendants nevertheless request that the Court modify its order to award them attorney fees under the DTSA, essentially granting them judgment on their Count IV.  Defendants base this request on: (1) the Court's finding that Plaintiffs did not identify any trade secrets and (2) Plaintiffs' filing a new case against Crumley alone in state court.  Relying on these facts, Defendants argue that they prove Plaintiff's lawsuit stems from bad faith and aims solely to warn other Orizon employees about the consequences for jumping ship while punishing Crumley for doing so.  Defendants ask for a briefing schedule and a hearing to argue this issue further.

The Court does not need further briefing or a hearing to decide Plaintiffs' Motion or whether Defendants should receive attorney fees under the DTSA.  Although 18 U.S.C. § 1863(3)(D) permits the award of attorney fees to the prevailing party "if a claim of

---

[1] *See* Doc. 86 at 1 (dismissing the case "in its entirety").

misappropriation is made in bad faith," whether to award such fees remains in a court's discretion.[2] Exercising its discretion, the Court declines to award attorney fees here.

First, the Court is not convinced of Plaintiffs' bad faith in asserting claims against Defendants under the DTSA.  If anything, it seems clear that Plaintiffs—despite the evidence to the contrary—continue to believe that they have trade secrets and are prepared to argue that fact to the Tenth Circuit.  Likewise, filing a new action in state court after the Court dismissed Plaintiffs' state law claims for lack of jurisdiction is not evidence of bad faith.

Plaintiff's motives may be exactly as Defendants allege.  But the Court is unwilling to join Defendants in their speculation at this point.  Even if it did, the Court is still within its discretion to refuse an award of attorney fees.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Order Adjudicating All Counterclaims (Doc. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' counterclaims are **DISMISSED** for lack of subject matter jurisdiction under Rule 12(b)(1).

**IT IS FURTHER ORDERED** that Defendants' request for attorney fees under the DTSA is **DENIED**.

---

[2] *See MSC Safety Sols., LLC v. Trivent Safety Consulting, LLC*, 2022 WL 47470, at *2 (D. Colo. 2022) ("Even under a bad faith standard, attorney's fees are in the discretion of the Court."); *see also* 18 U.S.C. § 1863(3) (listing options, including award attorney fees, that "a court *may*" do) (emphasis added).

**IT IS SO ORDERED.**

Dated this 21st day of August, 2023.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE